### Hughes's Lessee vs. Howard.

APPEAL from *Baltimore* County Court. *Ejectment* for a tract of land called *Gist's Inspection*, lying in *Baltimore* county, containing 400 acres. Defence was taken on warrant, and plots were made, by which it appeared that the plaintiff located *Gist's Inspection*, as beginning at I on the plots, which was not counterlocated nor denied by the defendant, but admitted by him to be the place of beginning of *Gist's Inspection*.

1. At the trial in October 1806, the jury by their *verdict* say, "that they find the bounded red oak tree, mentioned in the grant of *Lun's Lot*, to have stood at figure 9 in the plots, and the said tract of land to run thence, what is called, in the defendant's table of courses on the plots, the thirty-eight perches N 25½° W, and 100 perches N 70½° W lines, according to their several courses and distances in the grant of *Lun's Lot*, with four degrees of variation; and the jury find the beginning of *Gist's Inspection* to be at figure 9 in the plots, and to run thence course and distance according to the grant of *Gist's Inspection*, with an allowance of two degrees for variation. And the jury find for the plaintiff all the land lying within *Gist's Inspection*, according to the location thereof made by the jury, which is not covered by their location of *Lun's Lot*. Motion by the plaintiff to set aside the verdict—1. Because it is against evidence. 2. Because it is against the admissions of the plaintiff and defendant on record. The plaintiff afterwards, at the next term, withdrew his motion, and prayed the court to enter judgment on the verdict; but the court refused to enter a judgment on the verdict. Motion was then made by the plaintiff for a *venire de novo*; and the verdict was set aside, and a *venire de novo* awarded.

2. The defendant, at the second trial in March 1807, having located on the plots the land called *Lun's Lot*, as located and returned by certain commissioners on the 2d of August 1782, and on the present plots made the W N W 100 perches line of the said location terminate in lot

*1810.*
*JUNE.*

Hughes
vs
Howard.

The jury are concluded, by the admissions of the parties as located upon the plots in an action of ejectment, but if they disregard the admissions of the parties, and find the beginning of the tract of land, for which the ejectment is brought, at a different place, the rest of the finding of the jury is predicated upon that mistake, and the court have no power to change the verdict.

If the verdict of a jury is insufficient or contrary to the admissions of the parties, the court have the power of granting a new trial, or ordering a *venire*.

The jury are to decide on the variation of the compass, and to make such an allowance as corresponds with the proof.

The jury, in fixing the variation of the compass, are not confined to any certain rules, but are governed by the circumstances existing in the case. The jury in some cases have refused to make any allowance for variation, in others they have allowed at the rate of one degree for every 20 years, and in others they have been influenced by ancient running and proof of possession.

Where a verdict is given, and the plaintiff moves for judgment thereon, which is refused by the court on the ground of the insufficiency of the

verdict, and the plaintiff then moves for and obtains a *venire facias de novo*, and a new trial is had, and the second verdict is for the defendant, the plaintiff, on writ of error, cannot take advantage of any error of the court below, in not entering judgment on the first verdict. He has relinquished all advantage he might have been entitled to by acquiescing in the opinion of the court below. *Per Chase, Ch. J.*

Where there is a location on the plots in the cause, by either of the parties, of a tract of land, deed, plot, &c. and there is no counterlocation by the adverse party, such location is admitted.

No evidence can be given of the location of a deed, plot, &c. which does not correspond with it.

Where the defendant produced and read certain proceedings, which were variant from the location made on the plots by him, without objection being made to the legality of the evidence, it cannot render the same legally admissible when offered by the plaintiff.

No. 892 of the city of *Baltimore*, to prove his said location correct on the present plots, read in evidence the proceedings, certificate and plot, made out and returned by the said commissioners in 1782. And as the defendant had read in evidence the said last mentioned proceedings for the purpose aforesaid, the plaintiff offered to read the same to the jury, to show that the same did not correspond with the location made on the present plots by the defendant; but that the W N W 100 perches line terminated in lot No. 900, and not in No. 892. But the defendant objected to the plaintiff's using the said proceedings, plot and certificate, for the purpose aforesaid. And the county court, (*Nicholson*, Ch. J. and *Hollingsworth*, A. J.) determined, that inasmuch as the plaintiff had not counterlocated the proceedings of the commissioners, he could not, by the evidence offered, controvert the location thereof as made by the defendant. The plaintiff excepted; and the verdict and judgment being for the defendant, the plaintiff appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, GANTT, and EARLE, J.

*Martin* and *Winder*, for the Appellant, stated that the *first* question was upon the *first verdict* found by the jury; that the ejectment was brought for *Gist's Inspection*, the beginning of which tract was admitted by both parties to be at letter I on the plots, and the only question for the jury, was as to the variation of the compass on the lines running from the beginning at I; but the jury, disregarding the admission of the parties, by their verdict found the beginning of *Gist's Inspection* to be at figure 9 on the plots. They contended that the finding of the jury, as to the beginning of *Gist's Inspection*, ought to have been rejected as surplusage, and the court should have corrected the verdict so as to make the beginning at the letter I, and rendered judgment thereon. If the jury find what is contrary to the agreement of the parties, it is mere surplusage, and judgment is to be entered on the remaining part of the verdict. They cited 7 *Bac. Ab.* tit. *Verdict*, (W) 41. *Dyer*, 115, 147, 183. *Goddard's* case, 2 *Coke*, 4. *Hassall vs. Juxon*, *Cro. Eliz.* 283. 2 *Roll. Ab.* 691, (R) pl. 1, 2, 3, 10. *Jenk.* 102. *Wilcox vs. The Servant of Skipwith*, 2 *Mod.* 5. *Clare vs. Pepys*, *Cro. Eliz.* 41. 5 *Com. Dig.* tit. *Pleader*, (S. 17,

18.) 3 *Leo.* 80. *Tonkin vs. Croker & Billing,* 2 *Lutw.* 1216. 1 *Leo.* 66. *Foster vs. Jackson, Hob.* 53, 54. *Vin. Ab.* tit. *Trial,* 386, 407, 437, 438. *Pul.* 19. *Trials Per Pais,* 284. *Co. Litt.* 227. a. *Rules of Practice,* 11 *Mod.* 64, (2). 2 *Bulstr.* 56. *Tonkin vs. Croker,* 2 Ld. *Raym.* 860. *M'Ferran vs. Taylor,* 3 *Cranch,* 280; and *Hall vs. Gittings's Lessee,* 1 *Harr. & Johns.* 28.

*Harper* and *W. Dorsey,* for the Appellee, stated that two questions arose upon the refusal of the court below to enter judgment upon the first verdict—1. Did the court err in so refusing? And 2. If they did, was it competent for the appellant to avail himself of it on his appeal? They admitted, on the *first question,* that the court might mould the verdict so as to carry the intention of the jury into effect; but they contended, that if it had been done in this case there would have been quite a different finding from that contemplated by the jury, since the jury might not have found the same variation of the compass from the beginning at the letter I, which they did from the figure 9. In all the cases cited by the counsel for the appellant, after the surplusage was stricken out, there was a complete verdict remaining upon which judgment could be entered.

On the *second question,* they contended, that the plaintiff below, on the refusal of the court to enter judgment on the verdict, should have availed himself of the error at the time by an appeal or writ of error; but having submitted to the decision, and prayed the court to award a *venire de novo,* which was granted to him, he has waived all error, if there was any.

On the question arising on the *bill of exceptions,* they referred to *Hammond, et al. Lessee vs. Norris,* 2 *Harr. & Johns.* 148. *Keedy vs. Chapline,* 3 *Harr. & M'Hen.* 578; and *Jarrett's Lessee vs. West,* 1 *Harr. & Johns.* 501.

CHASE, Ch. J. delivered the opinion of the court. As to the first question in this case arising on the refusal of the court to enter up judgment on the verdict of the jury.

It appears to the court that the verdict was insufficient, and that the court below did not err in refusing to enter judgment on it, and in granting a *venire facias de novo.*

The jury were concluded by the admissions of the parties, and ought to have found the beginning of *Gist's Inspection* at I, the place admitted; but having disregarded

1810.
Hughes
vs
Howard.

1810.

Hughes
vs
Howard

the admissions of the parties, and found the beginning of *Gist's Inspection* at a different place, figure 9, the subsequent finding of the jury is predicated on that mistake, and the courses and distances of *Gist's Inspection*, as found by the jury, must run from figure 9, and the court have no power to change the verdict, and to lay them down from I, contrary to their intention plainly expressed.

If the verdict of the jury is insufficient, or contrary to the admissions of the parties, the court have the power of granting a new trial, or ordering a *venire*, for the attainment of justice.

It is the acknowledged and exclusive province of the jury to decide on the variation of the compass, and to make such an allowance as corresponds with the proof, and will advance justice. The juries, in fixing the variation of the compass, are not confined to any certain rules, but are governed by the circumstances existing in the case. The juries, in some cases, have refused to make any allowance, in others they have allowed at the rate of one degree for every twenty years, and in others they have been influenced by ancient runnings and proof of possessions, There being, therefore, no certain criterion by which the allowance can be ascertained with precision, it would be assuming too much in the court to change the verdict in this case, by running the courses according to the patent of *Gist's Inspection* from I, instead of the figure 9, with the same allowance of variation.

[ (a) It appears to *me* that the plaintiff has relinquished all advantage he might have been entitled to, by acquiescing in the opinion of the court, and moving for a *venire facias de novo*, and obtaining a new trial. The ground of the motion was the insufficiency of the verdict, and was granted at the instance and on the suggestion of the plaintiff. If the court below had erred in refusing to enter up judgment on the verdict, and the plaintiff had rested his case on its judgment of *non pross* would have been given, and the plaintiff could have obtained redress by writ of error; but according to this mode of proceeding, if sanctioned by this court, the plaintiff will have the benefit of a second trial, and the right of afterwards questioning the judgment below. The *venire facias* was granted on the motion, and

(a) The part here inserted in *crotchets* did not form a part of the opinion of the court.

at the instance of the plaintiff, and on the ground that the verdict was insufficient and void, and the plaintiff, having had the benefit of a second trial, and failed, cannot now, I think, be allowed to question the legality and propriety of the proceeding.]

The court considered it as a principle, established beyond controversy, that where there is a location on the plots by either of the parties, of a tract of land, deed, plot, &c. and there is no counterlocation by the adverse party, such location is admitted.

It is also, established, that no evidence can be given of the location of a deed, plot, &c. which does not correspond with it.

In this case the proceedings, certificate and plot, of the commissioners, being variant from the location made on the plots by the defendant of the said proceedings, certificate and plot, could not legally be admitted as evidence. The defendant having produced and read the same to the jury, without objection being made to the legality of the evidence, could not render the same legally admissible when offered by the plaintiff; and this court are of opinion, that the court below did not err in rejecting the said testimony, and do affirm the judgment.

GANTT, J. dissented as to the opinion expressed on the bill of exceptions.        JUDGMENT AFFIRMED.