JNO. H. HARLAN AND MARGARET HARLAN *vs.* DAVID BROWN. JOHN H. HARLAN AND MARGARET HARLAN'S LESSEES, *vs.* DAVID BROWN.—(*E. S.*) *June* 1845.

Where a will authorized an executor to sell the residue of the testator's real and personal estate within two years from his decease, a sale made within the two years is valid, though the conveyance to the purchaser was not executed until after that period, and parol evidence is admissible to show the time of sale.

The act of 1831, ch. 315, sec. 10, does not relate to sales of real property, made before that statute went into operation.

It is for the court to decide on the admissibility of evidence, but the comparative value, or weight of testimony, is for the consideration of the jury.

The variation of the compass, and the degree of it, are questions of fact, and upon evidence affecting the degree of variation, it is not for the court to say, that the evidence offered by one party, is better than that offered by the other, to guide the jury in determining whether any, or what allowance shall be made for such variation.

APPEALS from *Cecil* County Court.

The first appeal was in an action of *trespass, q. c. f.*, brought on the 19th October 1835, by the appellee against the appellants, for a trespass upon a tract of land called *"Dividing."* Upon the motion of both parties, a warrant of re-survey was issued, and the defendants pleaded *non cul.* The jury found a verdict for the plaintiff *David Brown.*

1ST EXCEPTION. At the trial of the cause, the plaintiff offered in evidence a patent for the tract called *"Dividing,"* dated 17th May 1695, to *Mathias Van Bibber*, and after other conveyances, the will of *John Dickson*, which contained the following clause:

*"Item.*—It is my will, that the rest and residue of my real and personal property, shall be sold by my executor, and that my real property be sold within two years from my decease, and to be rented or farmed on shares by my executor, until a sale is made of the said real property, and I hereby empower my executor, to make a good and sufficient deed to the purchaser of the said real estate."

This will, dated 23rd January 1830, upon which letters testamentary were granted the 6th May following, appointed *Samuel Rowland* executor.

The plaintiff then proved, that *John Dickson* died seized of that part of *"Dividing,"* conveyed to him by *James Miller*, and the deed from *Samuel Rowland* to *Amos Henshaw*, and the plaintiff *Brown*, of the 19th March 1833, reciting a sale by the said executor, in execution of the trust reposed in him on the 25th November 1831, of his testator's part of *"Dividing,"* to the said *Henshaw* and *Brown* for said part.

The plaintiff then offered to prove by parol testimony, that the said sale was made by said executor in November 1830, and within two years of the death of *Dickson*, his testator, and that possession of the said land, was given under said sale within that period; and also gave in evidence a deed of partition, between himself and *Henshaw*, dated the 19th March 1833.

The plaintiff also offered evidence to prove, that the alleged trespass is within the lines of the patent of *"Dividing."* And within the lines of the deed from *James Miller* to *John Dickson;* and that the deed from *S. Rowland* to *A. Henshaw,* and the plaintiff, is for the same land as mentioned in the deed from *Miller* to *Dickson,* and that the alleged trespass is upon the land conveyed to the plaintiff, by the deed of partition between *A. Henshaw* and the plaintiff. It was admitted, that the several deeds above mentioned, were executed, acknowledged and recorded according to the formalities required by law to pass real estate, and that the will of *John Dickson* was also duly executed, so as to pass real estate.

The defendant objected to the admission of the said *parol testimony,* in relation to the time of sale made by the said *Rowland,* but the court, (HOPPER and ECCLESTON, A. J.,) permitted it to go to the jury; the defendant excepted.

2ND EXCEPTION. In addition to the matters stated in the first bill of exceptions, the defendant prayed the court to instruct the jury, that the deed offered by the plaintiff, from *Samuel Rowland* to the plaintiff, and *Amos Henshaw,* was no evidence of title in the plaintiff, unless they should further believe, from the testimony, that it was executed within two years from the death of the said *Dickson,* which instruction the court refused to give; the defendant excepted.

3RD EXCEPTION. In addition to the matters stated in the first and second bills of exceptions, the defendant prayed the court to instruct the jury, that the deed offered by the plaintiff, from *Samuel Rowland* to the plaintiff and *Amos Henshaw,* is no evidence of title in the plaintiff, unless they believe, from the testimony, that the sale by the said *Rowland* has been confirmed by the *Orphans* court of *Cecil* county, and notice of the time, place, terms and manner thereof, given according to law, which instruction the court refused to give; the defendant excepted.

The second appeal was taken in an action of ejectment, brought on the 6th March 1836, by the appellants against the appellee, for two other tracts, viz: *"Steel's Resurveyed,"*

and "*Belle Ville*," and presented the same questions as those presented by the action of trespass, 2 *q. f.*, in relation to "*Dividing;*" and also an additional question as to the right to determine the variation of the compass, and which is fully set forth in the opinion of this court. In the second cause, the verdict and judgment was for the appellee.

*Harlan* and wife prosecuted both appeals.

The causes were argued before ARCHER, C. J., DORSEY and MARTIN, J.

By GROOME and McLEAN for the appellants, and
By OTHO SCOTT and CONSTABLE for the appellees.

MARTIN, J. delivered the opinion of this court.

The cases of *John H. Harlan* and *Margaret A. Harlan* against *David Brown*, and *John H. Harlan* and *Margaret A. Harlan's lessees*, vs. *David Brown*, were presented together.

The first case is an action of trespass, *quare clausum fregit*, the other an *ejectment*. *John H. Harlan* and *wife*, were the plaintiffs below in the action of ejectment, and the defendants in the action of trespass. At the trial of the trespass case, three exceptions were taken by the defendants to the opinions of the court. Three exceptions precisely similar, were taken by the same parties, as plaintiffs in the action of ejectment, and also an additional exception.

We propose to examine these exceptions in the order in which they have been presented.

By the second item of the will of *John Dickson*, it is provided, that the residue of the real and personal estate of the testator, be sold by his executor within two years from his decease. *David Brown* claimed under the deed executed by the executor of *John Dickson*, in conformity with the power conferred on him by the will. It became therefore important for him to prove, that the sale was made within two years from the death of the testator, both, for the purpose of showing, that the authority conferred on the executor, had been properly exercised, and that the sale in question, was not embraced

by the 10th section of the act of Assembly of 1831, chap. 315. And it certainly was competent to the party, to establish by parol evidence, as the legal and appropriate mode, *the time* at which this sale was made. This forms the subject of the *first* exception, and we think the court were right in admitting the evidence.

Testimony having been received to show, that the sale of the property in dispute had been made by *Samuel Rowland* to *David Brown*, within two years from the death of *Dickson*, the court were asked to instruct the jury, that the deed of *Rowland* to *Brown* and *Henshaw*, was no evidence of title, unless they should further find, that it was executed within two years from the death of *Dickson*. This instruction the court refused to grant, and presents the question raised by the *second* exception. We concur with the court below, in the opinion expressed by them in this exception, for the plain reason, that the validity of the deed from the executor to the parties claiming under it, depends not on the time when the deed was executed, but when the sale was made; and evidence had been offered, to establish the *factum* of the sale within the period prescribed by the will. The power of sale conferred on the executor, was, we hold, properly executed by a sale of the property within two years from the death of the testator, although the deed was not executed by him, until after that period had elapsed.

We concur also, with the opinion expressed by the county court in the third exception. There was no law making the validity of the sale by *Samuel Rowland*, as the executor of *Dickson*, depend on its confirmation by the orphans court of *Cecil* county, as supposed by the defendants' prayer. It was not embraced by the act of Assembly 1831, chap. 315, sec. 10, because the sale was made before that statute went into operation.

It follows from the views thus expressed, that in the case of *John H. Harlan* and *Margaret A. Harlan* against *David Brown,* the judgment must be affirmed.

The only remaining question to be examined, is that pre-sented by the *fourth* exception, in the case of *Harlan's lessees* against *David Brown.* It has already been stated, that the three first exceptions in this case, are similar to that raised in the trespass case, between the same parties. We, of course, concur with the county court in the opinions expressed by them, in those exceptions. But we dissent from the instruction given to the jury, as contained in the *fourth* exception.

The question involved, depended entirely on the true loca-tion of the second line of the tract of land called "*Dividing.*"

This court, as early as the case of *Howland and Cromwell,* 1 *H. & J.* 118, in affirming the opinion of the general court, decided, "that it is the province of the jury to determine the true location of the lands in controversy, from the evidence adduced by the parties, and that it is for the jury to decide, on the justice and propriety of allowing, or not allowing the varia-tion of the compass, and the rate or rule of such allowance, according to the evidence in the cause." And in *Howard vs. Hughes,* 3 *H. & J.* 12, the Court of Appeals say: "It is the acknowledged and exclusive province of the jury, to decide on the variation of the compass, and to make such allowance as corresponds with the proof, and will advance justice. The juries, in fixing the variation of the compass, are not confined to any certain rules, but are governed by the circumstances existing in the case. The juries, in some cases, have refused to make any allowance, in others, they have allowed at the rate of one degree for every twenty years, and in others, they have been influenced by ancient runnings and proof of pos-sessions."

What then, is the character of the instruction which the court were desired to give in the *fourth* exception? They were asked to direct the jury, "that if they believed that the boun-dary, at the end of the first line of '*Dividing,*' was at the place the defendant had located the same, and that the division fen-ces, between the former and present owners of the land called '*Dividing,*' and the land called '*Steele's,*' and the other adja-cent lands, were on the second line of '*Dividing,*' as located by

the defendants; and should further believé, that in former runnings of said line, in the life time of *Stephen Porter*, it ran where the defendants now have located it; that then, such facts were better evidence for the jury, to determine what allowance should be made, to correct the variation of the needle in running said line of '*Dividing*,' than the theory of allowing one degree for every twenty years." This instruction the court below gave, and in doing so, invaded, we think, the province of the jury.

It is for the court to decide on the admissibility of evidence; but the comparative value, or weight of testimony, is a question for the consideration of the jury, and it was for that tribunal, and not the court, to determine, whether the facts relied on by the defendants, were *better* evidence to guide them, in correcting the variation of the compass, than the rule sometimes adopted, of allowing one degree for every twenty years. The doctrine announced by the Court of Appeals, in the cases referred to, is, that whether any allowance is to be made for the variation of the compass, and if so, the rule or law by which that allowance is to be ascertained, is a question of fact for the determination of the jury, upon all the circumstances of the case. The judgment of the county court, in the case of *John H. Harlan*, and *Margaret A. Harlan's lessees*, against *David Brown*, is therefore reversed, and a *procedendo* awarded.

JUDGMENT AFFIRMED IN ONE CASE, AND REVERSED,
WITH A PROCEDENDO IN THE OTHER.